FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 26, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MARIANO E. VISAYA, JR,

                Plaintiff,

     v.

PATRICK A. TRUE, in his individual capacity, DAVID THERRIEN-POWER, in his individual capacity, REBECCA LACOURSE, in her individual capacity, CHRISTINE COUCH, in her individual capacity, JUDGE KEVIN NAUGHT, in his individual capacity, JUDGE JAMES ELLIOT, in his individual capacity, COMMISSIONER SUSAN ARB, in her individual capacity, and YAKIMA COUNTY, a municipal entity.

                Defendant.

No. 1:25-CV-03055-SAB

**ORDER GRANTING MOTION TO DISMISS YAKIMA COUNTY DEFENDANTS AND DENYING PLAINTIFF'S MOTIONS**

Before the Court are Plaintiff's Motions for Entry of Default, ECF Nos. 20, and 21, Plaintiff's Motion for Default Judgment, ECF No. 30, Plaintiff's Motion for Oral Argument, ECF No. 22, and Plaintiff's Motion to Strike Defendant Patrick True's Answer, ECF No. 29, as well as Yakima County Defendants' Motion to

**ORDER GRANTING MOTION TO DISMISS YAKIMA COUNTY DEFENDANTS AND DENYING PLAINTIFF'S MOTIONS #1**

Dismiss, ECF No. 13. Plaintiff is representing himself in this matter. Defendant Patrick A. True is represented by Reed Pell. Defendant David Therrien-Power is represented by Jacob. A. Lara. Defendants Rebecca Lacourse, Christine Couch, Judge Kevin Naught, Judge James Elliot, Commissioner Susan Arb, and Yakima County (collectively the "Yakima County Defendants") are represented by Kirk A. Ehlis. The motions were considered without oral argument.[1]

This case was filed on April 28, 2025. Plaintiff alleges civil rights claims under 42 U.S.C. § 1983 against Defendants for depriving Plaintiff of his right to a fair hearing. Plaintiff seeks declaratory relief, injunctive relief, and monetary damages in the amount of $7,500,000. Plaintiff moves for entries of default against Defendants Therrien-Power and True, default judgment against Defendant True, and for the Court to strike Defendant True's Answer to the Complaint. The Yakima County Defendants move to dismiss Plaintiff's claims against them, asserting (1) judicial immunity; (2) quasi-judicial immunity; and (3) failure to state a valid *Monell* claim against Yakima County as a municipal entity.

## UNDERLYING FACTS

The following facts are viewed in the light most favorable to Plaintiff, the party opposing the motion to dismiss.

In 2017, Plaintiff purchased a piece of property in Wapato, Washington, from his father. In 2022, Plaintiff brought causes of action in Yakima County Superior Court against his father for breach of contract, unjust enrichment, and fraud related to the 2017 purchase (the "2022 Lawsuit"). In the 2022 Lawsuit, Plaintiff was represented by Defendant Therrien-Power, and Plaintiff's father was represented by Defendant True. On June 6, 2022, Defendant Therrien-Power filed

---

[1] Despite Plaintiff's request for oral argument on Defendants' Motion to Dismiss, the Court finds pursuant to LCivR 7(i)(3)(B)(iii) that oral argument is not necessary.

**ORDER GRANTING MOTION TO DISMISS YAKIMA COUNTY DEFENDANTS AND DENYING PLAINTIFF'S MOTIONS #2**

a Motion for Default on Plaintiff's behalf, and Defendant True filed an Answer to the 2022 Lawsuit on Plaintiff's father's behalf on the following day. On May 23, 2023, Defendant Therrien-Power withdrew as Plaintiff's counsel, but no further action occurred until January 3, 2025. On that date, a deputy county clerk issued a Notice of Dismissal for Want of Prosecution, which stated that no action had occurred in the matter for 3 years, and it would thus be dismissed if no action was taken within 30 days. Plaintiff failed to respond to the Notice, and Defendant Commissioner Arb issued an Order of Dismissal for Want of Prosecution on February 11, 2025.

In 2024, Plaintiff filed a separate lawsuit, a quiet title action, against Pamela Visaya (the "2024 Lawsuit"). Defendant True represented Ms. Visaya in the 2024 Lawsuit, and on September 12, 2024, Plaintiff moved to disqualify Defendant True based on his representation of Plaintiff's father in the 2022 Lawsuit. However, Defendant Judge Naught denied Plaintiff's motion on October 4, 2024. On January 6, 2025, Plaintiff filed a Motion for Summary Judgment in the 2024 Lawsuit, and a hearing was set for March 25, 2025. However, on March 24, 2025, Defendant Crouch informed Plaintiff that the matter needed to be reset because no judicial officer was available for the hearing date. Later that day, Defendant LaCourse emailed the Plaintiff requesting dates of availability for a summary judgment hearing in June of 2025. Rather than respond to Defendant LaCourse's request, Plaintiff filed a "Motion to Reinstate" wherein he stated that he did not "not consent to this last-minute cancellation" because there was "no legal reason to delay or cancel this hearing." At a hearing on April 4, 2025, Defendant Judge Elliott denied the Motion to Reinstate. Plaintiff then filed this lawsuit.

## LEGAL FRAMEWORKS AND ANALYSIS

### A.    Motions for Default

In general, a defendant must serve an answer within twenty-one days of being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). If a

**ORDER GRANTING MOTION TO DISMISS YAKIMA COUNTY DEFENDANTS AND DENYING PLAINTIFF'S MOTIONS #3**

1 | defendant fails to plead or otherwise defend the action after such time, a plaintiff
2 | may move for default judgment. Fed. R. Civ. P. 55(b)(1).

3 | When moving for default judgment, Local Civil Rule 55(b) requires: (1) the
4 | party file a motion for entry of default and obtain an order of default from the clerk
5 | of court; and (2) the party file a motion for default judgment. However, Local Civil
6 | Rule 55(a)(1) also requires a party seeking an entry of default to first provide
7 | written notice to the party against whom default is sought fourteen days prior to
8 | filing the motion for entry, and Local Civil Rule 55(a)(2) requires the seeking party
9 | to provide an affidavit showing that proper notice has been provided.

10 | Here, Plaintiff has moved for entry of default judgment against Defendants
11 | Therrien-Power and True but has failed to provide an affidavit pursuant to Local
12 | Civil Rule 55(a)(2) demonstrating that notice was provided to those Defendants as
13 | required by Local Rule 55(a)(1), and there is no evidence in the record that such
14 | notice was provided prior to the Motions being filed. The Motions for Entry of
15 | Default are **denied**. In light of Plaintiff's failure to obtain an entry of default
16 | against Defendant True, the Motion for Default Judgment is also **denied**.

17 | **B.    Motion to Strike**

18 | Plaintiff moves to strike Defendant True's Answer to the Complaint,
19 | asserting that the Clerk of Court entered an order of default on June 16, 2025, and
20 | Defendant True was subsequently barred from filing further proceedings.
21 | However, no such order was entered because, as noted above, Plaintiff failed to
22 | comply with Local Rule 55(a), and his Motions regarding default judgment are
23 | denied. Therefore, the Motion to Strike is also **denied**.

24 | **C.    Motion to Dismiss**

25 | **i.    Motion Standard**

26 | To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege
27 | "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*
28 | *v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the

**ORDER GRANTING MOTION TO DISMISS YAKIMA COUNTY**
**DEFENDANTS AND DENYING PLAINTIFF'S MOTIONS #4**

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As the Ninth Circuit explained:

> To be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. The factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). When evaluating a Rule 12(b)(6) motion, the court must draw all reasonable inferences in favor of the non-moving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept conclusory allegations as true or to accept any unreasonable inferences in a complaint. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1054 (9th Cir. 2008).

### ii.    Judicial and Quasi-Judicial Immunity

Under the doctrine of judicial immunity, judges are shielded by absolute immunity from civil damages for actions taken in their roles as judicial officers. *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987). This immunity shields judicial officers from lawsuits themselves, not just from the award of damages, and it applies even in cases where a judge is accused of acting maliciously or in bad faith. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The Supreme Court has identified only two situations where judicial immunity may be overcome: (1) when the judge's actions are taken outside of the judge's judicial capacity and (2) when the judge's actions are taken absent any jurisdiction whatsoever. *Id.* at 11–12. Whether a judge's actions were taken in a judicial capacity turns on whether (1) it was a function normally performed by a judge and (2) the parties expected that the judge was acting in a judicial capacity.

**ORDER GRANTING MOTION TO DISMISS YAKIMA COUNTY DEFENDANTS AND DENYING PLAINTIFF'S MOTIONS #5**

1 | *Stump v. Sparkman,* 435 U.S. 349, 362 (1978). Whether a judge had any

2 | jurisdiction must be construed broadly within this context. *Id*. at 357. In addition to

3 | barring damages, judicial immunity also shields judges from injunctive relief

4 | unless a declaratory decree was violated, or declaratory relief was unavailable.

5 | *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018). Declaratory relief is

6 | available when a party maintains a right to appeal. *See e.g., Mullis*, 828 F.2d at

7 | 1392. Under the doctrine of quasi-judicial immunity, officials are entitled to

8 | absolute immunity when they perform tasks that are functionally comparable to

9 | tasks performed by judges. *See Swift v. California*, 384 F.3d 1184, 1188–89 (9th

10 | Cir. 2004).

11 | Under Washington law, superior court judges have jurisdiction over "all

12 | cases at law which involve the title or possession of real property." Wash. Rev.

13 | Code § 2.08.010. Similarly, under the Washington State Constitution, superior

14 | court commissioners have authority to perform the duties of superior court judges,

15 | subject to revision by one of those judges. Wash. Const. art. IV, § 23. Washington

16 | superior court judges are afforded absolute immunity with regard to scheduling

17 | hearings. *See In re Castillo*, 297 F.3d 940, 951 (9th Cir. 2002); *see also* Wash.

18 | Rev. Code § 2.28.010.

19 | Here, Plaintiff appears to base his claims against Defendants Judge Naught,

20 | Commissioner Arb, and Judge Elliott on (1) Judge Naught denying his motion to

21 | disqualify Defendant True in the 2024 Lawsuit on October 4, 2024; (2)

22 | Commissioner Arb issuing the Dismissal for Want of Prosecution in the 2022

23 | Lawsuit on February 11, 2025; and (3) Judge Elliott denying Plaintiff's Motion to

24 | Reinstate on April 4, 2025 (during a hearing at which Judge Naught was in

25 | attendance).

26 | Defendant Judges Naught and Elliott, as well as Defendant Commissioner

27 | Arb, are entitled to judicial immunity because they were acting with jurisdiction

28 | within their judicial capacity. With regard to jurisdiction, as enumerated in the

**ORDER GRANTING MOTION TO DISMISS YAKIMA COUNTY
DEFENDANTS AND DENYING PLAINTIFF'S MOTIONS #6**

Revised Code of Washington, each Defendant had jurisdiction over cases involving title or possession of real property, such as the 2022 and 2024 Lawsuits. With regard to judicial capacity, issuing orders is clearly a function performed by judges, and Plaintiff obviously expected that he was interacting with these Defendants as though they were acting in a judicial capacity. Furthermore, there is no evidence Defendants violated a declaratory decree, and Plaintiff maintained a remedy for declaratory relief, as he could have appealed their decisions. Therefore, judicial immunity applies and the claims against Defendants Judge Naught, Commissioner Arb, and Judge Elliott are **dismissed**.

Defendant appears to base his claim against Defendants Crouch and LaCourse on (1) Defendant Crouch cancelling the summary judgment hearing in the 2024 lawsuit and (2) Defendant LaCourse requesting Plaintiff's availability for a new hearing setting in June. Defendants Crouch and LaCourse are entitled to quasi-judicial immunity because their actions clearly fall within the gamut of tasks functionally comparable to those performed by judges: as noted above, judges, specifically in Washington, are afforded authority to control their hearing schedules, and there is nothing in the record to indicate a declaratory decree was violated or that Plaintiff lacked a remedy for obtaining declaratory relief when the hearing was cancelled, as indicated by the fact that Defendant LaCourse contacted Plaintiff to set a new hearing date. Therefore, the claims against Defendants Crouch and LaCourse are **dismissed**.

### i. *Monell* Claims

A municipality may be sued under 42 U.S.C. § 1983; however, a municipality is not liable where it merely employs a tortfeasor. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). Rather, a plaintiff must establish that the municipality had a policy, custom, or practice that motivated the constitutional violation alleged. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013). To make this showing, a plaintiff may show that

**ORDER GRANTING MOTION TO DISMISS YAKIMA COUNTY DEFENDANTS AND DENYING PLAINTIFF'S MOTIONS #7**

the alleged constitutional violation was (1) the result of an unconstitutional policy or longstanding practice, (2) the result of actions taken by an individual with final policy-making authority, or (3) ratified by the municipality's chief policymaker. *Hopper v. City of Pasco*, 241 F.3d 1067, 1083 (9th Cir. 2001).

Here, Plaintiff does not appear to attack any policy or practice by Yakima Count, rather, he appears to base his *Monell* claims on Defendant True's marriage to Yakima County Superior Court Judge Sonia Rodriguez-True and the fact that some of the individual Defendants endorsed her for that position. Plaintiff's theory regarding a conspiracy among the judicial Defendants based on Defendant True's marriage to their colleague does not even begin to articulate a cognizable *Monell* claim. The claims against Defendant Yakima County are therefore **dismissed**.

## Conclusion

Based on the individual Yakima County Defendants' immunity and Plaintiff's failure to articulate any facts that would give rise to a *Monell* claim against Yakima County as a municipal entity, the Court finds dismissal is appropriate and that no amendment of the Complaint could cure the deficiencies therein.

Accordingly, **IT IS HEREBY ORDERED**:

1.     Plaintiff's Motions for Entry of Default, ECF Nos. 20, and 21, Plaintiff's Motion for Default Judgment, ECF No. 30, Plaintiff's Motion for Oral Argument, ECF No. 22, and Plaintiff's Motion to Strike Defendant Patrick True's Answer, ECF No. 29, are **DENIED**.

2.     Yakima County Defendants' Motion to Dismiss, ECF No. 13, is **GRANTED**.

//
//
//
//

**ORDER GRANTING MOTION TO DISMISS YAKIMA COUNTY DEFENDANTS AND DENYING PLAINTIFF'S MOTIONS #8**

3.    The claims asserted against the Yakima County Defendants (Defendants Rebecca Lacourse, Christine Couch, Judge Kevin Naught, Judge James Elliot, Commissioner Susan Arb, and Yakima County) are **DISMISSED,** with prejudice.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, provide copies to Plaintiff and counsel.

**DATED** the 26th day of August 2025.



Stan Bastian
Chief United States District Judge

**ORDER GRANTING MOTION TO DISMISS YAKIMA COUNTY DEFENDANTS AND DENYING PLAINTIFF'S MOTIONS #9**